First case for argument today is 22-1436, Rodriguez v. McDonough. Mr. Luck, please proceed. Good morning, your honors. May it please the court, Adam Luck appearing on behalf of Appellant Julio Rodriguez. It's well settled that the Veterans Court may not make findings of fact in the first instance, but that is exactly what happened at Appendix 6 through 8 when the board found, excuse me, when the Veterans Court found that Mr. Rodriguez's 2019 Dizziness and Vertigo exam was adequate. As shown at Appendix 101 through 102, the board made no such finding, nor did it find... Did it find that it was adequate on its own, or did it say or find that the board had implicitly found it was adequate? Correct, your honors. So the Veterans Court made this initial finding under the guise that the board had made an implicit finding that the board determined the exam to be adequate. But then the Veterans Court finding is not as you first articulated it, that they in the first instance found that the examination was adequate. What they really did was review what they found to be the board's implicit finding for clear error and decide whether that was correct. Well, that's precisely the error in this case, your honor, is the Veterans Court's determination that there was an implicit finding was reliant on the Veterans Court's, excuse me, on the board's determination that there was a probative value assignment to the exam. Are you pretending that implicit findings are not permissible? Well, in this case, your honor, we're relying on Sickles v. Shinseki, in which the appellant and Sickles argued that the Veterans Court may not, excuse me, the board may not make an implicit adequacy determination. And this court found that whenever the issue has been presented by the veteran under section 7104 D1, the board is required to address that issue with a statement of reasons and bases. And that's precisely what happened here, is Mr. Rodriguez did present that issue to the board and the board made no finding as to the duty to assist, whether it had been satisfied or not. It did not recite or discuss or even cite to any applicable law or criteria to determine what is inadequate. How about let's look at appendix page six, if you don't mind. This is, I think, the Veterans Court decision and it says in the very bottom paragraph, tell me when you're with me, I want to give you a second to get there. I am, your honor. Where it says a review of the record shows that the board did address the appellant's argument that the examination was inadequate, but the board did not find it persuasive. So here's one problem you have. I, as a judge on right, the board did address this. How do I go behind that and say no, the board didn't? Well, so that finding, your honor, was based on a misinterpretation of 7104 D1 that the board can make this implicit finding based on a probity finding, assigning probative value. So if we look down, further down in that paragraph on appendix six, where the Veterans Court said the board implicitly found 2019 exam for dizziness and Virgo on up to the top of page, excuse me, appendix seven, to be adequate when it assigned it probative value and then relied on it to deny the appellate's claim. Probity, excuse me, probity and adequacy are separate and distinct issues that require separate and distinct legal analyses. So it's Mr. Rodriguez's argument that merely assigning probative value to the exam does not suffice to address adequacy. And that's in which the error lies in this case. Assigning probative value to circumvent an adequacy finding that was expressly raised by Mr. Rodriguez to the board. And again, the board did not address his argument. It did not say what standard it used to make any adequacy determination. Nor did it even expressly say that the exam is or is not adequate. It merely moved on, skipped that step and assigned probative value and then relied on that probative value finding in absence of an adequacy finding to deny Mr. Rodriguez's claim. So when the Veterans Court in this case affirmed the board's decision based on this implicit finding, it was relying on a misinterpretation of 7104 D1 to allow the board to ignore the veterans expressly raised argument that his exam was inadequate and merely assigned probative value to dismiss that without actually addressing it under the applicable law and criteria for determining adequacy. Mr. Rodriguez further notes that this is very similar to the issue that was raised in Sickles v. Shinseki, as previously mentioned, in which this court found that when the issue of adequacy is expressly raised by the veteran, 7104 D1 requires the board to quote, write up the determination with adequate statement of reasons and basis for its finding as to adequacy. But even beyond Sickles, the Veterans Court's own precedent in McRae v. Wilkie also requires the board to specifically address the veterans arguments that are expressly raised and presented to the board for adjudication. In McRae, almost a very similar fact pattern happened in which the veteran presented an argument attacking the adequacy of a VA exam, specifically attacking the underlying evidence on which that exam was based. The board ignored the veterans expressly raised arguments and then relied on the exam to deny the veterans claim. Mr. Locke, you're certainly well aware that we have essentially no jurisdiction over facts and able advocates of veterans, which includes you, do their best to convert a fact case into a question of law. It strikes me that this is simply denial of service connection for dizziness and vertigo. Tinnitus was remanded, so why don't we lack jurisdiction? Well, you are certainly correct, Your Honor, that this was a denial of service connection for dizziness and vertigo. What it was not was any sort of finding about the adequacy on which that exam that formed the basis for that denial was whether it was adequate or not. And Mr. Rodriguez's argument... Is that a fact question? Well, Your Honor, Mr. Rodriguez's argument to the board is that the record was incomplete. The VA's duty to assist had not been satisfied because his exam was inadequate. Whenever the board reached a determination as to service connection, it did not address his argument and did not address whether the underlying record was complete in which to and its own precedent, which this court does have jurisdiction to determine whether the veterans court exceeded its jurisdiction in making its decision. I guess... Oh, I'm sorry. Are you done? I didn't want to... My question is, so Mr. Rodriguez, as I see it, his only adequacy argument is on pages 81 and 82. And the only argument he made was the examination was based on an inaccurate factual premise because it found dizziness started in 2011 and not 2003. And then I think, if I'm not mistaken, on page 101, the board addressed and rejected that argument, the only inadequacy argument he raised with regard to the dizziness and vertigo, not the tinnitus, but the dizziness and vertigo. So I don't think they ignored it. I think they addressed it on page 101, right? The only argument he made about adequacy was the start date, 2003 versus 2011. And here they addressed it. Well, they didn't, Your Honor. Again, the board made one finding and one finding only, and that's service connection. If you look at page 101 and also... I will stressfully say, on July 2011 audiology consult, the veteran stated that his dizziness and spinning started at the same time, months ago, from the date of the appointment. Further on, in February of 2019, a VA examiner stated the veteran reported that he gets dizzy and has ringing in his ears, worse in the left ear, but since 2011. It seems to me that he says that it started in 2003, but they're addressing this, and they're indicating that the evidence of record is that it started in 2011. I mean, unless I'm mistaken, am I wrong? Isn't that... I looked at pages 81 and 82, and that's the only adequacy argument that he made. Did he make any other adequacy arguments? That's the only argument he made, Your Honor, but again, what the board is doing in this situation is relying on a VA exam and not addressing the veteran's arguments that his exam was inadequate, because what the examiner did was say, you don't have vertigo. Vertigo started after service. Didn't address dizziness in which that service treatment record notes dizziness that began in service, but more specifically, there's no finding as to what adequacy criteria were used, why the exam was inadequate. This is a finding that's based on service connection, not whether the underlying evidence that supports that service connection finding was adequate, was complete on which to base that decision, and that's Mr. Rodriguez's argument, is that he's presenting a material issue of law or fact to the board for adjudication, and the board is not addressing it. The board did address service connection, and if we compare Appendix 101 with its tinnitus decision at Appendix 100, you can see how the board lays out its decision, and the first sentence under tinnitus on Appendix 100, it states the claim. The claim is the veteran claims that he's service-connected, should be service-connected for tinnitus, it discusses the evidence, and then concludes at the top of Appendix 101, the board finds service connection for tinnitus is not warranted. Then, subsequently in that paragraph, it addresses Mr. Rodriguez's argument that his VA exam was inadequate, and it says, we acknowledge the veteran's requested remand, do an inadequate medical exam, however, the board finds the exam adequate. That's all it says. If you look at Appendix 101, it does the exact same thing under the dizziness and vertigo. It states the claim of the first sentence, it finds service connection for dizziness and vertigo is not warranted. The only thing it did not do is actually address Mr. Rodriguez's inadequacy argument. So you're looking for the words adequate. Are you essentially looking for like magic words in this particular document in order to decide whether or not it was addressed? We're not, Your Honor. 7104D1 requires the board to provide a written statement of reasons to basis that allows Ms. Rodriguez to understand the precise reasons for the board's decision. That is impossible to know the precise reasons of the board's decision here because we don't even know what criteria it used to make an adequacy determination. It never addressed his argument or how it understood or interpreted his argument. And it never actually made an adequacy determination. The only thing it did is rely on the exam. It skipped the step and it skipped addressing his argument entirely. It assigned it probative value and that's all the board did. Mr. Rodriguez's argument is that he wants to be heard. He wants to understand the board's reasons why it accepted his or why it rejected his argument that his exam is inadequate. The board didn't address that. The board ignored him. It did address his argument for inadequacy on the tinnitus claim. When you say his exam was inadequate, I don't think so. I think the only adequacy argument he raised is that it should have been considered that his dizziness began in 2003, not 2011. So that's it. It's not that the exam is inadequate. It's not like he's saying the doctor didn't do the following tests which a normal doctor would have done in these circumstances. Well, he's arguing that the exam is inadequate because it doesn't explain how the 2003 service treatment record impacts the opinion. It doesn't explain whether dizziness and not vertigo began in 2003. It only says vertigo is a post-service condition and to the extent that, and we're very deep in the facts here, I completely recognize that, but to the extent that the board finds that the onset of dizziness was 2011, not 2003, that is a medical finding that requires the medical examiner to address, here's when dizziness began. Here's when vertigo began. Here's where the two are one and the same, or here's why they are not. Here are the separate and distinct symptoms, and here are the onset dates of which. Or, even more specifically, if we're going to talk about service connection, service connection isn't only limited to what began in service. It can be related to service in any way, shape, or form. It doesn't necessarily have to be that the condition only is service-connected if it began during service. So, there's more to addressing Mr. Rodriguez's argument as to adequacy than just assigning a probative value, and that's really what this case is about, is that Mr. Rodriguez presented an argument to the board. You are using all your rebuttal time. Do you want to save some? I will save some, Your Honor. Thank you. Very good. Miss, is it Geddes? I guess. Say it? Sorry? What was your last name? Geddes. Geddes. Miss Geddes, please proceed. I may please the court. As has already been discussed, this is a court of limited jurisdiction. This court does not have jurisdiction over questions of fact or of application of law to fact. So, the simplest way to resolve this case is to look at the decision of the Veterans Court, which, as has already been noted, did not simply dive into the facts and make a de novo finding of fact, but rather made an explicit finding that the board did provide reasons and basis for its decision, not just on each claim, but on each specific issue, including, as the Veterans Court specifically noted, the question of whether Mr. Rodriguez's 2019 examination was adequate. There was no incorrect legal framework applied. The Veterans Court expressly cited the correct laws at all stages, as the court had noted, when it turned to the merits of Mr. Rodriguez's inadequacy argument. It did so under the clearly erroneous standard, as it was supposed to do. In this case, are you arguing to dismiss for lack of jurisdiction, or are you just arguing for an affirmance? For an affirmance of the Veterans Court's decision, because the issue being raised by Mr. Rodriguez would be within the court's jurisdiction. It's a question of whether the Veterans Court made a de novo finding of fact. That question is within this court's jurisdiction, but in this case, from the face of the Veterans Court's opinion, it's clear that there was no de novo finding of fact, because all it did in order to affirm the board's decision was first consider whether it had whether there was clear error. But to the extent this court would like to dig deeper into whether that was the correct decision, this is essentially a case about whether the board provided adequate reasons or bases for its decision to rely on the 2019 medical examination, despite Mr. Rodriguez's argument against it. In Mr. Rodriguez's argument for the board, however, he didn't flesh out this detailed adequacy argument that he's developed over the course of his appeals. Rather, he made a very brief one-paragraph argument that said there was an instance in 2003, which is eight years before there was any other evidence of dizziness or vertigo on the record, but he was saying that because there was a single complaint of dizziness eight years earlier in a physical therapy appointment for his shoulder, that shows that 2019 examination must be based on an inaccurate statement of fact and is therefore inadequate and has no probative weight. That's the entirety of his argument before the board, and the board fully addressed the substance of that argument. The only thing it failed to do was specifically use the word adequacy, which isn't particularly surprising given that Mr. Rodriguez wasn't making this detailed adequacy argument. He made a much more detailed adequacy argument for tinnitus, and that's part of the reason that that was ultimately remanded, because the board rejected that argument without explaining its reasons and bases. But in the case of his dizziness... Let's turn to page 101, which is the place, I think you agree, that's where the board did address this, right? Yes. Page 101. And the board acknowledges that the veterans STR show a complaint of service, in service of dizziness when he gets out of bed, and that he received medical treatment for this condition at the VA with medicine, right? So the board opinion acknowledges dizziness and treatment in 2003. And then at the bottom they say, in light of the foregoing, the board finds the February 2019 VA examination in the absence of medical evidence suggesting a relationship of his dizziness in service to his current dizziness or vertigo to be persuasive, and of greatest probative value. What, where exactly are they concluding that it was adequate? Or what sentence should I read as an implicit conclusion that it was adequate? Well, when the board finds the February 2019 examination to be persuasive and of the greatest probative value, it is implicitly finding it adequate because the board would not assign probative weight to an inadequate decision. And as I've said, part of the reason that it's not particularly surprising that the board didn't make an explicit statement saying that it finds the opinion adequate is because Mr. Rodriguez's very brief argument challenges, challenging this opinion. All it does is say that because of this one 2003 complaint of dizziness, the medical opinion is therefore based on an inaccurate fact and is inadequate. It wasn't a more developed legal argument of inadequacy. But on page 101, the board does acknowledge that there, those 2000, the 2003 dizziness. Um, then it notes, however, on a July 2011 audiology consult, the veteran stated, so that's Mr. Rodriguez himself stated in 2011, that his dizziness and spinning sensation had began only a few months prior. Then in 2019, once again, the report shows that it was Mr. Rodriguez who stated to the examiner that he'd been having these symptoms since 2011. So the board looked at that evidence and it concluded that there was nothing to connect his current symptoms of dizziness, which he himself cites as beginning in 2011 to this evidence in 2003 that he had experienced some mild dizziness at that time. There was really nothing else for the board to say because there was no other basis for challenge or there was no other argument that Mr. Rodriguez made regarding the adequacy of the board's decision. For his tinnitus claim, he had made more substantial arguments about whether the examiner had made inconsistent findings or conflated what was going on. And in that case, the board gave even less of an explanation for why it was rejecting that claim. Um, but was Mr. Rodriguez's claims for tinnitus and vertigo inextricably intertwined? That is something that neither the board nor the veteran's court ever had an opportunity to consider. Mr. Rodriguez initially did claim that his vertigo and dizziness were secondary to his when those when he was denied service condition for both of those. He only appealed his only argument to the board was that it should reconsider vertigo and dizziness because the vertigo and dizziness examination wasn't adequate. He never made the argument that it should be remanded because his tinnitus examination wasn't adequate, nor did he make that argument to the veteran's court, nor did he make that argument even after the secretary conceded that the tinnitus issue should be remanded. At that point, he knew that would almost certainly be remanded, but he did not ask to remand dizziness and vertigo on that basis. But more importantly, Mr. Rodriguez is free if his tinnitus claim, if he's granted service connection for tinnitus, he'll have the opportunity to bring a new claim for dizziness and vertigo as secondary to that if he so chooses. But at this point in this proceeding, the court is only tasked with deciding whether the veteran's court committed some error. The veteran's court made no decision whatsoever on whether these claims were inextricably intertwined. Mr. Rodriguez had not asked the veteran's court to reconsider the dizziness and vertigo rulings based on any error with the tinnitus examination. So it's just clear that the veteran's court did not commit any error. The only grounds that Mr. Rodriguez has asserted to find error is that there was a de novo finding of fact, but that's clearly not the case. The veteran's court never considered whether it was inextricably intertwined. Mr. Rodriguez never asked it to do so. The veteran's court addressed the arguments that Mr. Rodriguez did make. And there's no basis for this court to reverse its finding on dizziness and vertigo on that basis. Well, that sounds like a conclusion. Thank you, Ms. Skelos. Thank you. Mr. Luck, we'll restore two minutes of rebuttal time. This issue asks, or this case asks the court to address the issue of whether section 7104 D1 requires the board to expressly address a veteran's expressly raised argument regarding the adequacy of his VA exam, or whether that argument can be satisfied through a probity finding. Mr. Rodriguez's position is that section 7104 D1, precedent from this court, precedent from the veteran's court, requires the veteran's court, or excuse me, requires the board to specifically address the veteran's expressly raised argument. And that a probity finding cannot serve to supplant an adequacy determination because they are separate and distinct issues. Do you agree that you wouldn't assign probative weight to an opinion that is inadequate? No, Your Honor. And case law actually says that the board can assign some weight to even an exam that is inadequate. So some inadequate exams still hold some probative value, or they can be determined to hold some probative value on other issues or elements addressing service connections, say maybe a current diagnosis or something like that. So it's simply not true. It's actually a mistaken logic to say, well, the board would have never assigned probative weight if it hadn't determined that the exam was inadequate. That's relying on the error to prove that the error didn't happen. Do you agree you would have another chance to raise the secondary service argument after the tinnitus claim is remanded? I think to the extent that the secretary is arguing that there could be a new claim raised later, not a claim that could be raised on appeal. There would have to be new and relevant evidence to support that claim. I don't think the board would hear the inextricably intertwined nature of a tinnitus claim and dizziness claim on remand, Your Honor. Okay. Thank you, Mr. Luck. This case is taken under submission.